**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

-vs-                                                                          Case No.  6:18-cr-191-Orl-37GJK

GERALD NICHOLSON
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration after oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR RELEASE FROM CUSTODY FOR MEDICAL PURPOSES (Doc. No. 67)** |
| **FILED:** | **October 29, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On October 16, 2018, the undersigned entered a Report and Recommendation recommending that the Court accept Defendant Gerald Nicholson's guilty plea to Counts I and II of the Indictment. Doc. No. 54. Count I charges Nicholson with conspiracy to possess with intent to distribute MDMA, in violation of 21 U.S.C. § 846.  Doc. No. 17 at 1-2.  Count II charges Nicholson with aiding and abetting in attempting to possess with intent to distribute MDMA, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2. *Id.* at 2. Also on October 16, 2018, Nicholson filed a "Notice of No Objection to Report and Recommendation." Doc. No.

62. On October 24, 2018, the Court accepted Nicholson's plea and adjudicated him guilty of Counts I and II. Doc. No. 65 at 1. Sentencing is scheduled for January 7, 2019. *Id.*

On October 29, 2018, Nicholson filed a "Motion for Release from Custody for Medical Purposes" (the "Motion"). Doc. No. 67. Nicholson argues that he should be released pending sentencing because there is a chance that the Court could impose a legal sentence of non-imprisonment; he is unlikely to flee; he is not a danger to any other person or the community; and he is scheduled to have a surgical procedure. *Id.* at ¶¶ 4, 5. Nicholson asserts that the accident that caused the injury that the surgery is to remedy is the subject of a civil lawsuit and the surgery "is very important to the civil litigation." *Id.* at ¶ 6.

"[A] district court does have jurisdiction to grant a defendant release pending sentencing and appeal pursuant to the provisions of 18 U.S.C. § 3145(c)." *United States v. Meister*, 744 F.3d 1236, 1237 (11th Cir. 2013). Section 3145(c) states the following:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is *clearly shown that there are exceptional reasons* why such person's detention would not be appropriate.

(Emphasis added.)

Nicholson fails to clearly show that there are exceptional reasons why his detention would not be appropriate. Although he argues that his surgical procedure and its importance to his civil lawsuit are exceptional reasons, the evidence before the Court is that the surgical procedure is not necessary. Instead, the medical report authored by Nicholson's doctor states that "conservative care versus more aggressive treatment such as injections and surgical treatment . . . depends on the patient's preference and timing." Def.'s Ex. 1 at 2. The evidence before the Court

is that it is Nicholson's preference is to have the surgery, instead of more conservative care. A preference for a surgical procedure is not an exceptional reason rendering detention inappropriate. *See United States v. Franklin*, 843 F. Supp. 2d 620, 623 (W.D.N.C. 2012) (finding exceptional reasons where defendant was awaiting arthroscopic surgery, but defendant was also caregiver for disabled adult son that reacted violently, due to disability, to son's mother as caregiver, and government did not object); *United States v. Williams*, 903 F. Supp. 2d 292, 302 (M.D. Pa. 2012) (finding exceptional reasons where defendant's wife needed immediate surgery, requiring six weeks to heal during which time the wife "will be unable to work and the family must rely upon [the defendant's] earnings. If they cannot, the family will become homeless.").

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 67) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on November 5, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Counsel of record