# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                  Case No.  6:18-cr-191-Orl-37GJK

**RODERICK WILLIAM WARDEN**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration after oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR RELEASE (Doc. No. 69)** |
| **FILED:** | **October 31, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On October 16, 2018, the undersigned entered a Report and Recommendation recommending that the Court accept Defendant Roderick William Warden's guilty plea to Count I of the Indictment. Doc. No. 59. Count I charges Warden with conspiracy to possess with intent to distribute MDMA, in violation of 21 U.S.C. § 846.  Doc. No. 17 at 1-2.  Also on October 16, 2018, Nicholson filed a "Notice of No Objection to Report and Recommendation." Doc. No. 60. On October 24, 2018, the Court accepted Warden's plea and adjudicated him guilty of Count I. Doc. No. 64 at 1. Sentencing is scheduled for January 7,  2019. *Id.*

On October 31, 2018, Warden filed a "Motion for Release" (the "Motion"). Doc. No. 69. Warden argues that he should be released pending sentencing to continue his out-patient drug and alcohol addiction treatment with the support of his family. *Id.* at 2, 6. At the hearing, Warden, Warden's wife, and Warden's AA sponsor testified. Doc. No. 75. The evidence presented shows that Warden suffers from a drug and alcohol addiction and that his imprisonment will negatively impact his family.

"[A] district court does have jurisdiction to grant a defendant release pending sentencing and appeal pursuant to the provisions of 18 U.S.C. § 3145(c)." *United States v. Meister*, 744 F.3d 1236, 1237 (11th Cir. 2013). Section 3145(c) states the following:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is *clearly shown that there are exceptional reasons* why such person's detention would not be appropriate.

(Emphasis added.) The parties concede Warden meets the conditions for release in section 3143, and the sole contested issue is whether Warden has clearly shown exceptional reasons why his detention is not appropriate.

Warden fails to clearly show that there are exceptional reasons why his detention would not be appropriate. *See United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (reversing trial court's judgment under § 3145(c) and holding that "a defendant's participation in a treatment program is not an extraordinary reason . . . ."); *United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md. 1994) (finding no extraordinary reasons under § 3145(c) and stating, "A defendant's incarceration regularly creates difficulties for him and his family.").

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 69) be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on November 7, 2018.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Counsel of record